**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sara Ybarra-Johnson,<br><br>    Plaintiff,<br><br>vs.<br><br>Judge Cathy Holt; Judge Christopher Curry; Judge Peter Thompson,<br><br>    Defendants. | No. CV 11-2028-PHX-JAT<br><br>**ORDER** |

    In lieu of filing a "complaint" to open this case, Plaintiff filed a "motion to void judgment." Doc. 1. Plaintiff also moved to proceed in forma pauperis. Doc. 3. Plaintiff then requested expedited ruling on Plaintiff's motion to void judgment. Doc. 5.

    In summary, Plaintiff's first filing seeks to have this Court void a judgment of the state court which removed her children from her care and/or terminated her parental rights. Plaintiff's sole statement of jurisdiction is Federal Rule of Civil Procedure 60. Doc. 1 at 3.

    Preliminarily, federal courts are courts of limited jurisdiction. As a result, they can hear only those cases that the Constitution and Congress have authorized them to adjudicate: namely, cases involving diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction bears the burden of pleading jurisdiction. *Id.* In this case, because Plaintiff filed her suit in federal court, she must show that the federal court is authorized to hear her case. The federal rules of civil procedure are not a basis for

jurisdiction.

Accordingly, before the Court considers Plaintiff's request to proceed in forma pauperis, the Court will require Plaintiff to file an amended complaint, properly alleging federal subject matter jurisdiction, or the Court will dismiss this case for lack of federal subject matter jurisdiction. This amended complaint should not be a motion. It should be a complaint in the format recommended by the forms at the end of the federal rules of civil procedure. The complaint should clearly state a basis for jurisdiction and the causes of action against each defendant.

Second, with respect to Plaintiff's request for expedited consideration, on this record, it appears Plaintiff cannot obtain the relief she seeks. Specifically, as discussed above, Plaintiff seeks to have this Court intercede in a state court case, and void the judgment entered in that case.

To the extent the state court case is still on going (for example on appeal), the *Younger* abstention doctrine provides that federal courts are not to interfere with pending state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53–54 (1971). This abstention doctrine applies "not only when the pending state proceedings are criminal, but also when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) ("*Younger v. Harris*[], and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.").

To the extent the state court case has reached a final judgment, as Plaintiff suggests, the *Rooker-Feldman* doctrine prevents Plaintiff from challenging that state court judgment in federal court. The Supreme Court has stated

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kinds from which the doctrine acquired its name: cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

1 | *Exxon Mobile v. Saudi Basic Industries*, 544 U.S. 280, 284 (2005).

Here, it appears Plaintiff's request for relief from judgment falls squarely within the preclusion of *Rooker-Feldman*. Accordingly, her request for expedited consideration of her request for relief from judgment will be denied as beyond the jurisdiction of this Court.

Based on the foregoing,

**IT IS ORDERED** that by December 16, 2011 Plaintiff shall file an amended complaint properly alleging federal subject matter jurisdiction. If Plaintiff fails to file an amended complaint by December 16, 2011, the Clerk of the Court shall dismiss this case, without prejudice, and enter judgment accordingly. (Plaintiff's motion to proceed in forma pauperis remains pending).

**IT IS FURTHER ORDERED** that Plaintiff's request for expedited consideration (Doc. 5) is denied.

DATED this 15th day of November, 2011.

/s/ James A. Teilborg
James A. Teilborg
United States District Judge